**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD JAY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-cv-01117-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Plaintiff's Motion for Summary Judgment (Doc. 8) will be denied, and the ALJ's decision affirmed.

In this social security disability benefits appeal, the ALJ found that Plaintiff suffered numerous "severe" impairments,[1] which alone and in combination did not preclude work at the "light" exertional level, subject to additional limitations. R. at 22-23. A vocational expert testified that an individual with such limitations could perform jobs existing in significant numbers in the national economy. *Id.* at 28-29. The ALJ, therefore, found Plaintiff not disabled at step five of the sequential analysis. *Id.* at 29.

---

[1] They are: cervical spine degenerative disc disease, degenerative joint disease, facet/uncovertebral joint arthropathy, lumbar spine degenerative disc disease, chronic pain syndrome, obesity, anxiety disorder, major depressive disorder, unspecified anxiety disorder with panic attacks, stimulant use disorder, unspecified depressive disorder, bipolar disorder, bipolar disorder not otherwise specified and cocaine abuse. R. at 20.

Having carefully reviewed the entire record, the undersigned concludes that the ALJ's decision was neither erroneous nor lacking the support of substantial evidence. The Court's discussions, therefore, will be limited to the objections addressed in Plaintiff's briefing.

Plaintiff first argues that the ALJ erred by failing to account for consultative examiner Dr. Schwartz's indication that he would be "moderately limited" in his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Doc. 9 at 8-13. As the government highlights, however, the consultative examiner's "checklist" response is inconsistent with the narrative portion of her RFC assessment. *Compare* R. at 95 (checklist portion) *with* *id.* at 95-96 and *id.* at 91 (providing a detailed explanation for the examiner's opinion that Plaintiff was "able to meet the basic mental demands to complete 1-2 step tasks on a sustained basis despite the limitations resulting from [his] mental health impairment[s]").

Second, Plaintiff contends that the ALJ erred in failing to include limitations in the RFC to account for the numbness and tingling Plaintiff experienced in his left upper extremity. Doc. 9 at 15-19. But the record is replete with subjective reports and objective medical findings inconsistent with Plaintiff's claims of significant limitation. *See* Doc. 10 at 9-10 (summarizing reports that Plaintiff's upper-extremity strength was mostly normal, and his symptoms, controlled with medicine).

The ALJ's finding of non-disability was supported by substantial evidence, and the Court, therefore, enters the following:

## II. ORDER

Plaintiff's Motion for Summary Judgment (**Doc. 8**) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

IT IS SO ORDERED.

September 30, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record